UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| JAMES W. RAYE,             )<br>                                         )<br>   Petitioner,                )<br>                                         )<br>v.                                      )   Civil No. 8-248-B-W<br>                                         )   Crim. No. 3-90-B-W<br>UNITED STATES OF AMERICA,   )<br>                                         )<br>   Respondent.              )   | |

## AMENDED[1] RECOMMENDED DECISION

On July 18, 2008, James W. Raye filed a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. Raye, who pled guilty to the charge of making a false statement on a federal firearms application, is serving a 110-month sentence of imprisonment imposed on July 31, 2007. In his petition Raye asserts two separate grounds of ineffective assistance of counsel. The sum total of the factual information Raye provided in that filing was as follows:

> GROUND ONE: Ineffective Assistance of Counsel
> My attorney failed to challenge the improper counting of prior offenses under the Criminal History Category which raised my sentence from 63-78 months under category III to 110 months to 130 months under category V. There are six(6) criminal history points to[o] many in defendant's Criminal History com[p]utation. Paragraphs 19, 20, 22, 24 and 25 cannot be counted and 22, 24 and 25 must be counted together as they are related.
> Was not advised by my attorney I could object to information in the Pre-Sentence Report.
> GROUND TWO: Prior convictions relied upon to enhance Criminal History are invalid and should not have been relied upon.
> Misinformation resulted in prior convictions being relied upon to enhancement (sic) defendant's sentence based on inapplicable criminal history unverified nor established on the record as necessary under U.S.S.G. § 4A1.1 (a)(2).

(Sec. 2255 Mot. at 4-5.)

---

[1] This amendment adds a further recommendation regarding certificate of appealability.

Raye signed this motion under penalty of perjury and filed it with the court. I reviewed the petition and issued an order requiring Raye to show cause why his petition should not be summarily dismissed. I explained to Raye that to avoid summary dismissal he would have to present <u>facts</u> that would explain why his attorney allegedly provided ineffective assistance in regard to the use of these prior criminal convictions.

Raye has responded to the order to show cause with an unsworn document in which he explains that the convictions identified in Paragraphs 22, 24, and 25 of the pre-sentence report were un-counseled and should not have been counted and, additionally, these three convictions did not result in separate sentences and should not have resulted in the number of criminal history points awarded. Raye also explains that Paragraphs 19 and 20 are one and the same offense and are simply different counts charged and adjudicated on the same date. He also says this was an un-counseled matter resulting in no sentence of imprisonment. He goes on to explain that his attorney's ineffective assistance arose because she did not file objections to the use of these convictions and she failed to inform him he had a right to challenge these prior un-counseled convictions. Once more Raye has provided only conclusory assertions and this time he has not even done so by signing under penalty of perjury.

As a preliminary matter Raye's counsel was not ineffective because she failed to tell him that he could challenge the constitutional validity of his prior convictions. Raye has no general right to challenge the validity or constitutionality of prior state or federal convictions in the context of a federal sentencing proceeding. The one limited exception to that general rule is that a defendant may object to the use of a prior conviction if he was not represented by counsel at the time of prior criminal proceeding. <u>Daniels v.</u>

United States, 532 U.S. 374 (2001).  If Raye's counsel failed to raise an objection to use of an un-counseled conviction this lapse could indeed be a basis for an ineffective assistance of counsel claim in a 28 U.S.C. § 2255 proceeding.

In this case Raye claims the convictions in Paragraphs 19, 20, 22, 24, and 25 of the presentence investigation report were un-counseled and should not have been used in assessing criminal history points.  Paragraph 19 references a misdemeanor criminal mischief conviction related to a misdemeanor assault conviction in Paragraph 20, both convictions occurring in November 1993.  Due to the age of the cases, there was no information in the presentence report regarding whether or not Raye was represented by counsel in these cases.  The assault conviction resulted in a sentence of only a $200.00 fine and Raye would not have had a federal constitutional right to counsel in regard to that conviction in any event.  See Nichols v. United States, 511 U.S. 738 (1994); United States v. Jones, 418 F.3d 368, 372 (3d Cir. 2005)("In sum, because Jones did not have a Sixth Amendment right to counsel for his 1991 guilty plea, his sentencing counsel's performance in his 1998 cocaine case was not deficient."); see also Alabama v. Shelton, 535 U.S. 654 (2002); Scott v. Illinois, 440 U.S. 367 (1979).  Nevertheless, one criminal history point was awarded based upon these two charges and the two charges were grouped as related.  Paragraph 22 relates to a domestic assault conviction (misdemeanor) for which one criminal history point was awarded.  The presentence report affirmatively verifies that Raye was represented by counsel.  Paragraph 24 relates to a theft conviction (misdemeanor) for which a six-month sentence of incarceration was imposed, concurrent with a felony drug conviction which Raye is not challenging.  The presentence report affirmatively states that Raye was represented by counsel and two criminal history points

were awarded. Finally, Paragraph 25 reveals a theft conviction (misdemeanor) for which one criminal history point was awarded. The verified presentence report reveals that Raye was afforded his right to counsel but chose to waive that right and proceeded pro se. No jail term was imposed.

Thus, five of the criminal history points out of Raye's criminal history score of twelve are challenged by Raye in this petition. On the face of the presentence report only one of the points could have possibly been open to challenge as un-counseled, the one point awarded for the two November 1993 convictions. Whether Raye's criminal history computation is 11 or 12, his criminal history category is V and his offense level is 26 under the U.S.S.G. Chapter, 5 Part A and, thus, even if an issue could have been raised regarding what Raye now says was an un-counseled conviction, it would have made no difference in the final sentencing analysis.

Raye's submissions do not present any **facts** that would controvert the record evidence in this case. In each of the challenged convictions, save the one point awarded for the 1993 convictions, the presentence report indicates that Raye had counsel or affirmatively waived his right to counsel. Raye has not even signed an affidavit under penalty of perjury representing that he did not have an attorney when he appeared in the state court on these charges. He has presented nothing that challenges the representations made in the presentence report. That portion of his 28 U.S.C. § 2255 motion should be summarily dismissed. See United States v. McGill, 11 F.3d 223, 225 (1st Cir.1993) ("When a petition is brought under section 2255, the petitioner bears the burden of establishing the need for an evidentiary hearing. In determining whether the petitioner has carried the devoir of persuasion in this respect, the court must take many of

4

petitioner's factual averments as true, but the court need not give weight to conclusory allegations, self-interested characterizations, discredited inventions, or opprobrious epithets.")(citations omitted).

Raye's secondary claim is that his attorney was ineffective because she did not challenge the manner in which his convictions were counted under the sentencing guidelines. He claims the convictions for unlawful trafficking in scheduled drugs in 1999 (PSI ¶ 23), theft in June1999 (id. ¶ 24), and another theft in 2002 (id. ¶ 25) should have been grouped and not counted separately because they did not result in separate sentences. He also claims the convictions for criminal mischief (id. ¶ 19) and assault (id. ¶ 20) are one and the same offense and should have only counted once.[2] These claims about errors in sentencing calculations are not constitutional claims, merely claims of error in the application of the sentencing guidelines. Normally such claims cannot be raised for the first time in a § 2255 petition. Accordingly, the issue in this 28 U.S.C. § 2255 proceeding is not how the convictions should have been counted, but whether Raye's counsel failed to provide effective assistance of counsel within the meaning of Strickland v. Washington, 466 U.S. 668, 687-88 (1984) by failing to mount such a challenge to the presentence report.

It is difficult to pinpoint what legal basis Raye imagines the United States Public Defender Villa should have pressed with regards to the convictions in the presentence report. He does not cite to any legal authority that would give the Court some direction

---

[2] In fact they were only counted once and he received only one point for these two offenses. It is worth noting that in the addendum to the presentence report the scrivener of the report says that during the interactive process among the attorneys and the probation officer "material changes" were made to Paragraph 19, resulting in no criminal history points being awarded for that conviction. The Government preserved its right to object to these changes, although no objection was ever made to the lack of points. Reading between the lines it is fair to infer that defense counsel flagged this issue at the time the presentence was prepared. In any event no points were assigned.

on this score.[3] He only represents that he now knows that he has an absolute/fundamental right to challenge mistakes in the presentence report.

The following exchange occurred at the beginning of Raye's sentencing proceeding:

> THE COURT: Ms. Villa, has your client received a copy of the most recently revised presentence investigation report?
> MS. VILLA: Yes, he has, Your Honor.
> THE COURT: Have you had enough time to discuss the contents with him?
> MS. VILLA: We have.
> THE COURT: Mr. Raye, have you read the latest revision in its entirety?
> THE DEFENDANT: Yes, Your Honor.
> THE COURT: Have you had enough time to discuss the contents with your attorney?
> THE DEFENDANT: Yes, I have.
> THE COURT: Do you know and understand everything contained in the presentence report?
> THE DEFENDANT: Yes, I do.
> THE COURT: I want you to understand, Mr. Raye, that to the extent I accept the contents of the report as true, the contents are going to form part of the basis upon which I will determine the right sentence to impose upon you. Do you understand that?
> THE DEFENDANT: Yes, I do.
> THE COURT: Knowing that, knowing that the contents of the report may affect your sentence, is there anything set forth in the report you believe is in any way inaccurate or incorrect?
> THE DEFENDANT: No, I don't.

(Sentencing Tr. at 4-5.) The Court affirmatively impressed upon Raye prior to the commencement of the sentencing hearing that the representations in the presentence

---

[3]  United States Sentencing Guideline Amendment 709 "provided that two prior convictions are counted as one if the resulting 'sentences were imposed on the same day.'" United States v. Godin, 522 F.3d 133, 134 (1st Cir.2008) (quoting U.S.S.G. § 4A1.2(a)(2) (2007) and U.S.S.G., Supp. to App. C, Amendment 709 (2007).)   However, "the amendment was substantive and non-retroactive." Id. at 136. Assuming that Raye could demonstrate cause for not raising this ground on direct appeal because of ineffective assistance, it would then fall to this Court "to consider the Commission's current thinking for whatever use it may be in exercising the court's judgment about the proper sentence," Id.  It seems apparent to me that this non-retroactive amendment would have nothing to do with Raye's sentencing for this offense that was committed in 2003 and therefore I fail to see how counsel could be considered ineffective for not raising it.

report would be relied upon by the court in the absence of any effort by him to challenge the contents as inaccurate or incorrect.  Raye represents that he was not affirmatively advised by his attorney that he could object to the contents of the report as they pertain to criminal history but the Court queried him on the subject and made clear that he could challenge anything in the report.  Raye provides no factual basis for using these collateral pleadings to conduct an evidentiary hearing about whether he was advised by his counsel about his right to challenge the presentence report.   The report clearly stated he had been represented by counsel or had affirmatively waived his right to counsel in all but one of the convictions for which criminal history points were awarded.  Raye did not challenge that assertion then nor has he effectively challenged it now with any signed affirmation under penalty of perjury.

## Conclusion

Based upon the foregoing I recommend that the petition be summarily dismissed. I further recommend that no certificate of appealability should issue in the event the petitioner files a notice of appeal because there is no substantial showing of the denial of a constitutional right within the meaning of 28 U.S.C. § 2253(c)(2).

### NOTICE

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which *de novo* review by the district court is sought, together with a supporting memorandum, within ten (10) days of being served with a copy thereof.  A responsive memorandum shall be filed without ten (10) days after the filing of the objection.

Failure to file a timely objection shall constitute a waiver of the right to *de novo* review by the district court and to appeal the district court's order.

                                          /s/ Margaret J. Kravchuk  
                                          U.S. Magistrate Judge  
Date: August 21, 2008