UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| JAMES W. RAYE, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CV-08-248-B-W |
| | ) | CR-03-90-B-W |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

**ORDER ON MOTION FOR RECONSIDERATION AND ON OBJECTION TO REPORT AND RECOMMENDED DECISION**

On August 21, 2008, the magistrate judge filed an Amended Report and Recommended Decision, recommending that the Court dismiss James W. Raye's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255. *Am. Recommended Decision* (Docket # 5). The Amended Recommended Decision notified Mr. Raye that he had ten days to file any objections. *Id.* at 7. Objections were due on September 8, 2008. On September 10, 2008, no objections having been timely filed, the Court adopted the magistrate judge's recommendations and dismissed the Motion to Vacate, Set Aside, and Correct Sentence, and entered judgment against Mr. Raye on that Order. *Order Adopting Recommended Decision* (Docket # 6); *J. on 2255 Mot.* (Docket # 7). Later on September 10, 2008, the Court received Mr. Raye's objection. *Pet'r's Ob. to Report & Recommendation* (Docket # 8). On September 18, 2008, Mr. Raye moved for reconsideration of the Order on the Recommended Decision. *Pet'r's Mot. for Recons. of Objections* (Docket # 9).

In his Motion for Reconsideration, Mr. Raye contends he filed his objections to the magistrate judge's Recommended Decision on September 2, 2008. *Id.* at 1. This is incorrect. Mr. Raye's objection is dated September 2, 2008, but the motion did not reach court until

September 10, 2008. Nevertheless, as Mr. Raye's objection was filed within hours of the entry of Judgment and, even though his motion does not technically meet the standards for a motion to reconsider, his sought after relief would likely be granted if framed differently. *Compare Global Naps, Inc. v. Verizon New England, Inc.*, 489 F.3d 13, 25 (1st Cir. 2007) (stating that a motion for reconsideration may only be granted "if the original judgment evidenced a manifest error of law, if there is newly discovered evidence, or in certain other narrow situations"), *with* Fed. R. Civ. P. 60(b)(1) (stating that a court may relieve a party from a final judgment for "mistake, inadvertence, surprise, or excusable neglect"). Cognizant of Mr. Raye's *pro se* status, the technicalities of post-judgment practice, and the vagaries of prison mail, the Court GRANTS his motion for reconsideration and orders the September 10, 2008 Judgment VACATED for good cause.

The Court turns to the merits of Mr. Raye's objection to the magistrate judge's Amended Recommended Decision. The Court has carefully reviewed the magistrate judge's Amended Recommended Decision, Mr. Raye's objections, and the entire record. The Court has performed a *de novo* review of all matters adjudicated by the magistrate judge's Amended Recommended Decision and the Court concurs with the recommendations of the magistrate judge for the reasons set forth in her Amended Recommended Decision. The Court determines that no further proceeding is necessary. Finally, the Court observes that Mr. Raye does not raise any points in his objection that were not thoughtfully, thoroughly, and properly addressed by the magistrate judge.

1. The Court GRANTS the Petitioner's Motion for Reconsideration of Objections. (Docket # 9).

2. The Court ORDERS the Judgment on 2255 Motion (Docket # 7) entered September 10, 2008 VACATED.

3. The Court ORDERS that the Amended Report and Recommended Decision (Docket # 5) of the magistrate judge is hereby AFFIRMED.

4. The Court finally ORDERS pursuant to Fed. R. App. P. 22b and First Circuit Local Rule 22.1 that no certificate of appealability shall issue because there is no substantial issue that could be presented on appeal.

SO ORDERED.

/s/ John A. Woodcock, Jr.
JOHN A. WOODCOCK, JR.
UNITED STATES DISTRICT JUDGE

Dated this 19th day of September, 2008